# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO MOISES MICHEL, | Case No. 1:14-cv-01031 AWI DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED |
| v. | |
| G. FLOYD, et al., | |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff Marcelino Moises Michel ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on July 2, 2014. He names Correctional Officers Floyd, Hobbs and Childress, and psychologist Eboggess as Defendants.

**A.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . .

fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently housed at Mule Creek State Prison in Ione, California. The events at issue occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility.

Plaintiff explains that he is a transsexual who projects feminine characteristics and receives hormonal therapy. At the time of the events, Plaintiff was a Level II inmate in the enhanced outpatient program.

Plaintiff contends that he was being abused by his cellmate, a Level IV inmate, on December 20, 2011. Plaintiff contacted Defendants about the abuse, but they failed to take steps to protect him.

Each time he told Defendants of the abuse, they turned a blind eye and the abuse worsened. Plaintiff states that his cellmate considered him a snitch, which led to more physical, sexual and verbal abuse.

Plaintiff alleges that he was forced to cover-up his cell window on a day that his cellmate was out of the cell to prevent staff from placing his cellmate back into his cell. Plaintiff's cellmate was housed in another cell. Plaintiff filed an inmate appeal, which was partially granted.

Plaintiff alleges that placing him in a cell with a Level IV inmate violated his right to safety and security under the Eighth Amendment. Defendants also failed to protect Plaintiff from sexual abuse by his cellmate, despite knowing that the abuse was taking place.

**C.     DISCUSSION**

  1.     Linkage Requirement

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

Here, Plaintiff names four Defendants, but he fails to link them to any alleged violations. Plaintiff does not explain how each was involved in the facts underlying his Eighth Amendment claim. He therefore fails to state a claim against any Defendant, but he will be permitted to amend.

  2.     Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (quotations omitted). Prison officials have a duty under the

Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Insofar as Plaintiff contends that the act of placing him in a cell with an inmate of a higher security level violates the Eighth Amendment, he is incorrect. This, alone, does not rise to the level of a constitutional violation. Moreover, violations of the California Code of Regulations, alone, do not necessarily lead to a constitutional violation.

Plaintiff's claims that Defendants failed to protect him from abuse despite their knowledge of the abuse may state a claim under the Eighth Amendment. However, Plaintiff has failed to link any Defendants to the alleged violation, and without such linkage, the Court cannot completely analyze his claim. Plaintiff will be granted leave to amend.

## D.   **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar, 698 F.3d at 1212-13; Lopez, 203 F.3d at 1130. Plaintiff may only amend his claim regarding the due process challenge to his initial gang validation. The remaining claims cannot be cured by amendment.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere respondeat superior, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to

1  relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

2      Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa

3  County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without

4  reference to the prior or superceded pleading," Local Rule 220.

5      Accordingly, it is HEREBY ORDERED that:

6      1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

7      2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

8      3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

9  amended complaint; and

10      4.    <u>If Plaintiff fails to file an amended complaint in compliance with this order, this

11  action will be dismissed, with prejudice, for failure to state a claim.</u>

12

13  IT IS SO ORDERED.

14      Dated:  **January 21, 2015**        /s/ *Dennis L. Beck*

15                                             UNITED STATES MAGISTRATE JUDGE