1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELINO MOISES MICHEL, | Case No. 1:14-cv-01031 AWI DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE |
| v. | |
| G. FLOYD, et al., | TWENTY-ONE DAY DEADLINE |
| Defendants. | |

        Plaintiff Marcelino Moises Michel ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint on July 2, 2014.

        On January 22, 2015, the Court screened the complaint and dismissed it with leave to amend. Plaintiff was ordered to file an amended complaint within thirty (30) days of the date of service of the order.

        On March 16, 2015, after the time for filing his amended complaint had passed, the Court issued an order to show cause why this action should not be dismissed.  Plaintiff was ordered to file a response, or submit his amended complaint, within twenty-one (21) days.

        Over twenty-one (21) days have passed and Plaintiff has not responded to the order to show cause, or otherwise communicated with the Court.

1

## DISCUSSION

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *Id.* (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. *Id.*  This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. *Id.*  This action has been pending since July 2, 2014, and there is no operative complaint on file.  Finally, the Court's order to show cause was clear that dismissal would result from Plaintiff's failure to respond.

## FINDINGS AND RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS this action be dismissed, without prejudice, for failure to obey the Court's order and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

///
///
///
///
///

Findings and Recommendations."   Plaintiff is advised that failure to file objections within he specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 20, 2015**                              /s/ Dennis L. Beck

                                                        UNITED STATES MAGISTRATE JUDGE